UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DONNA HOPE MOODIE,

                Plaintiff,

-against-

CONSOIDATED EDISON COMPANY OF
NEW YORK; BRUCE KEMP (MARSHAL);
RICHARD W. BABINECZ (ATTORNEY);
DEAN R. BROWN (ATTORNEY/EMPLOYEE),

                Defendants.

1:23-CV-4970 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Donna Hope Moodie, of Brooklyn, Kings County, New York, filed this *pro se* action invoking the court's federal question jurisdiction and seeking damages. She asserts that the federal constitutional or statutory bases for her claims are that her "[Fourth] Amendment right was violated by Consolidated Edison Company of New York in regards to seizure of chattel, the unlawful removal of [her] Con Edison electrical meter." (ECF 1, at 2.) Plaintiff sues: (1) Consolidated Edison Company of New York ("Con Ed"); (2) Bruce Kemp, whom Plaintiff alleges is a "City Marshal"; (3) Richard Babinecz, whom Plaintiff alleges is an attorney; and (4) Dean R. Brown, whom Plaintiff alleges is an "attorney/employee." For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

**DISCUSSION**

    Under 28 U.S.C. § 1391(b), unless otherwise provided by law, a federal civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a

substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the federal judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any federal judicial district where it is subject to personal jurisdiction with respect to the civil action in question.[1] § 1391(c)(1), (2).

Plaintiff does not plead the residency of any of the defendants, but she asserts that the alleged events giving rise to her claims occurred at her residence in Brooklyn, Kings County, New York, which is located in the Eastern District of New York. *See* 28 U.S.C. § 112(c). Because she does not allege where the defendants reside, it is unclear whether venue is proper in this court under Section 1391(b)(1). Even if the Court assumes that at least one defendant resides in this federal judicial district[2] and the other defendants reside within the State of New York,

---

[1] With respect to the residency of a defendant that is a corporation, for venue purposes:

in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

§ 1391(d).

[2] Con Ed, which appears to be a corporation, likely resides in this federal judicial district and in the Eastern District of New York. This federal judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. § 112(b). The Eastern District of New York is comprised of the following New York State counties: (1) Kings (New York City Borough of Brooklyn); (2) Queens (New York City Borough of Queens); (3) Richmond (New York City Borough of Staten Island); (4) Nassau; and (5) Suffolk. § 112(c).

making venue proper in this court under Section 1391(b)(1), because the alleged events giving rise to Plaintiff's claims occurred in Brooklyn, Kings County, venue is also proper in the Eastern District of New York under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if a civil action is filed in a federal district court where venue is proper, that court may transfer that action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action. The underlying alleged events occurred at Plaintiff's residence in Brooklyn, Kings County, in the Eastern District of New York, and it is reasonable to expect that relevant documents and witnesses would also be located in that federal judicial district. Thus, the Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making

3

determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 15, 2023
         New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge